**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **INTERNATIONAL UNION OF** | : | **CIVIL ACTION** |
| **OPERATING ENGINEERS OF EASTERN** | : | |
| **PENNSYLVANIA AND DELAWARE** | : | |
| **BENEFIT PENSION FUND, et al.,** | : | |
| *Plaintiffs,* | : | |
| **v.** | : | |
| | : | |
| **GEO MANAGEMENT CONSTRUCTION** | : | **No. 25-CV-5755** |
| **PARTNERS, LLC,** | : | |
| *Defendants.* | : | |

**<u>MEMORANDUM</u>**

**KENNEY, J.**                                                                                    **June 10, 2026**

Currently pending before the Court is Plaintiffs International Union of Operating Engineers of Eastern Pennsylvania and Delaware Benefit Pension Fund, International Union of Operating Engineers of Eastern Pennsylvania and Delaware Health and Welfare Fund, International Union of Operating Engineers of Eastern Pennsylvania and Delaware Apprenticeship & Training Fund, International Union of Operating Engineers of Eastern Pennsylvania and Delaware Supplemental Unemployment Benefit Fund, International Union of Operating Engineers of Eastern Pennsylvania and Delaware Annuity Fund (collectively, the "Funds"), and International Union of Operating Engineers Local 542, AFL-CIO's (the "Union") (collectively, "Plaintiffs") Motion for Default Judgment Against Defendant Geo Management Construction Partners, LLC ("Geo Construction"). ECF No. 13.  Plaintiffs seek judgments against Geo Construction totaling $45,949.76.  ECF No. 13 at 3–4 .  To date, Geo Construction has not filed an opposition to Plaintiffs' Motion (ECF No. 13) or otherwise appeared in this action.  For the reasons discussed below, the Motion will be **GRANTED**.

## I.    BACKGROUND

### A.  Factual Background[1]

#### 1.   The Collective Bargaining Agreement

The Funds are multi-employer plans and employee benefit plans organized under the provisions of the Employee Income Security Act of 1974, as amended, ("ERISA").  ECF No. 1 ¶¶ 1, 3.  The Funds were established and are maintained pursuant to § 302(c)(5) of the Labor Management Relations Act of 1947, 29 U.S.C. § 186(c)(5).  *Id.* ¶ 3.  The Union is the exclusive representative of the employees of Geo Construction for the purposes of collective bargaining.  *Id.* ¶ 6.  During the relevant period, Geo Construction was party to a collective bargaining agreement (the "CBA").  *Id.* ¶ 10.  In accordance with the terms of the CBA, Geo Construction agreed to (1) make full and timely contributions to the Funds based upon the number of hours worked by, and the wages paid to Geo Construction's employees who were covered under the CBA (hereinafter, "Covered Employees"); and (2) remit union dues to the Union from its employees' paychecks if such a deduction was authorized.  *Id.* ¶¶ 10, 12.

These contributions were due to the Funds on a monthly basis, to be paid on the twenty-fifth day of the month following the month in which the wages which formed the basis for the contributions calculation were paid to Geo Construction's Covered Employees.  *Id.* ¶ 13.  Failure to pay on time came with a price.  That is, any contributions that Geo Construction failed to make to the Funds by the last day on which they are due would accrue interest at a rate of 10% per annum from the first day of the month following the date the contributions were due.  *Id.* ¶ 14.  In addition,

---

[1] The following facts are taken from Plaintiffs' Complaint (ECF No.1), and assumed as true except insofar as they concern the amount of damages requested by Plaintiffs. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

any late or unpaid contributions would be charged liquidated damages equal to 10% of the amount of the late or unpaid contribution(s).  *Id.* ¶ 15.

### 2. Unpaid and/or Unreported Contributions and Union Dues

Geo Construction submitted remittance reports for the month of April 2025 which showed that it owed the Funds $6,700.31 in contributions as well as $393.31 in union dues.  *Id.* ¶ 16.  Geo Construction sent two checks with its April 2025 remittance report: one made out to the Funds in the amount of $6,700.31 and another made out to the Union in the amount of $393.31.  *Id.*  There was only one problem: the check addressed to the Funds "bounced."[2] This marked the start of Geo Construction's repeated failure to comply with the terms of the CBA.

Over the next four months, Geo Construction failed to submit remittance reports.  *See id.* ¶ 18.  The Funds used Geo Construction's Covered Employees' paystubs to recreate these missing reports.  *Id.*  According to the recreated reports, the Funds determined that Geo Construction owed a total of $27,531.04 in principal contributions.  *Id.*  Thus, inclusive of the unpaid April 2025 contributions, the Funds are due $34,231.35 in principal contributions for the period of May through August 2025. *Id.* ¶ 19.  In addition to the principal unpaid contributions, Geo Construction owes the Funds interest, liquidated damages, and attorney's fees and costs in accordance with the CBA.  *Id.* ¶ 24.  To make matters worse, Geo Construction had stopped remitting dues to the Union.  *See id.* ¶ 27.

Beginning in May 2025, Geo Construction ceased remitting dues to the Union.  *Id.* This continued through August 2025.  *Id.* ¶¶ 27–28.  During this time, Geo Construction had also stopped submitting its monthly remittance reports to the Union.  *See id.* ¶ 28.  Like the Funds, the

---

[2] There were insufficient funds in Geo Construction's bank account, and the check was returned unpaid.  *See id.*

Union recreated Geo Construction's missing remittance reports using its Covered Employees' paystubs for the months of May through August 2025. *Id.* ¶ 28. According to the Union's recreated reports, it determined that Geo Construction owed the Union $1,858.11 in dues. *Id.* This amount reflected the amount that Geo Construction's had deducted from its Covered Employees' paystubs, but never remitted to the Union. *Id.* ¶ 29.

On August 27, 2025, both the Funds and the Union, through their counsel, notified Geo Construction of its delinquent contributions and union dues in a letter demanding that Geo Construction submit its missing remittance reports and satisfy its delinquent contributions and union dues. *Id.* ¶ 20, 30. After the Funds and the Union did not receive a response or payment from Geo Construction, they sent a "Final Warning Letter" to Geo Construction on September 18, 2025. *Id.* ¶¶ 22, 30.

### B. Procedural History

On October 6, 2025, Plaintiffs initiated this action against Geo Construction for violations of ERISA and the CBA due to its delinquent contributions to the Funds (Count I) and failure to remit dues to the Union (Count II). *Id.* ¶¶ 11–31. A summons for Geo Construction was issued to Plaintiffs by the Clerk of Court the same day. ECF No. 5.

On November 26, 2026, Plaintiffs' private process server personally served Geo Construction's registered agent, Mark Hylind. ECF No. 7 at 1; ECF No. 1. Plaintiffs filed proof of service on December 1, 2025. ECF No 7.

Geo Construction failed to respond to Plaintiffs' Complaint or otherwise enter an appearance in the action. *See* ECF Nos. 10; 13 at 1; 13-1 ¶ 3. Accordingly, Plaintiffs sought an entry of default. ECF No. 10. The Clerk of Court entered default pursuant to Federal Rule of Civil

Procedure ("Rule(s)") 55(a) against Defendant Geo Construction on March 10, 2026.  ECF No. 11.

On March 30, 2026, following the Clerk's Entry of Default (ECF No. 11), Plaintiffs filed a Motion for Default Judgment.[3]  ECF No. 13.  Plaintiffs ask that the Court enter default judgment in favor of the Funds for: (1) $34,231.35 in principal delinquent contributions for the months of April through August 2025; (2) $2,260.16 in interest on the principal delinquent contributions; (3) such additional interest that may accrue between April 1, 2026 and the date of judgment; (4) $3,423.14 in liquidated damages accrued on the principal delinquent contributions; and (5) $4,177.00 in attorney's fees and costs.[4]  ECF. No. 13 at 3–4.  Plaintiffs further request that the Court enter default judgment in favor of the Union for $1,858.11 in unpaid union dues for the Months of May 2025 through August 2025.  *Id.* at 4.

Geo Construction has not responded to the Motion (ECF No. 13) or otherwise appeared in the action to date.  Accordingly, the Court may rule on the Motion for Default Judgment.

## II.      LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, a plaintiff may move for default judgment once the Clerk of Court enters a default against the defendant.  Fed. R. Civ. P. 55(b).  Where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the plaintiff submits "an affidavit showing the amount due," and that the defaulting defendant is "neither a minor nor an incompetent person," the Clerk of Court "must enter judgment for that amount and costs."  Fed. R. Civ. P. 55(b)(1).  "In all other cases, the party must apply to the court

---

[3] A copy of the Motion was served on Geo Construction the same day.  ECF No. 13 at 6.

[4] This total amount includes: (1) $3,613.50 in attorney's fees calculated at a rate of $365.00 per hour for 9.9 hours of attorney work; and (2) $563.50 in costs comprised of filing and service of process fees.  ECF No. 13-2 at 3–4.

for a default judgment." Fed. R. Civ. P. 55(b)(2). "A default judgment must not differ in kind from, or exceed, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

As relevant here, when the party seeking a default judgment applies to the court, the court may hold a hearing to assist with the calculation of damages, but it is not required to do so. *Nifty Home Prods. Inc. v. Ladynana US*, No. 23-1332, 2024 WL 4987245, at *2 (3d Cir. Dec. 5, 2024) (citing Fed. R. Civ. P 55(b)(2)); *Rainey v. Diamond State Port Corp.*, 354 F. App'x 722, 724–25 (3d Cir. 2009) (per curiam). Either by holding a hearing on the issue of damages, or by other means, the court must abide by its obligation to determine whether the plaintiff's asserted damages are *appropriate*. *See Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) ("While the District Court may not have been obligated to hold an evidentiary hearing, it could not just accept [the plaintiff's] statement of the damages.").

## III. DISCUSSION

Plaintiffs have moved for an entry of default judgment. ECF No. 13. Plaintiffs ask that the Court enter default judgment in favor of the Funds for the principal amount of delinquent contributions for the months of April 2025 through August 2025, plus interest, liquidated damages, and attorney's fees and costs. *Id.* at 3–4. Plaintiffs also seek entry of default judgment in favor of the Union for unpaid union dues for the Months of May 2025 through August 2025. *Id.* at 4.

### A. Entry of Default Judgment is Appropriate in this Case

When determining whether an entry of default judgment is appropriate, the district court's analysis is guided by consideration of the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). To analyze these factors, "the factual allegations of the complaint, except those relating

6

to the amount of damages, will be taken as true." *Comdyne I, Inc.*, 908 F.2d at 1149.  To determine the amount of damages that may be owed, the court "must determine the amount if it is not for a 'sum certain or a sum that can be made certain by computation[.]'" *PPG Indus. Inc. v. Jiangsue Tie Mao Glass Co. Ltd.*, 47 F.4th 156, 161 (3d Cir. 2022) (alteration in original) (citation omitted). However, the Third Circuit has cautioned lower courts that "entry of defaults and default judgments are disfavored . . ., so 'doubtful cases' should be resolved in favor of the [non-movant]." *Gera v. Bor. of Frackville*, 2025 WL 3158699, at *2 (3d Cir. Nov. 12, 2025) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984)).

Upon review, the Court will grant Plaintiffs' Motion for Default Judgment.  For the reasons described below, evaluation of the *Chamberlain* factors counsels in favor of granting default judgment in this case.  As an initial and perhaps obvious matter, there have been no responsive pleadings filed in this case.  Therefore, the Court is not "in a position" to determine whether Defendant Geo Construction has a meritorious defense in this action, or whether its default in this action is the result of culpable conduct.  *See Int'l Union of Operating Eng'rs of E. Pa. & Del. Benefit Pension Fund v. N. Abbonizio Contractors, Inc.*, 134 F. Supp. 3d 862, 865 (E.D. Pa. 2015) ("Since the Defendant has filed no responsive pleadings, the court is not in a position to determine whether the Defendant has a 'meritorious defense' or whether the default was the result of misconduct.").  In fact, the Court may also presume from Geo Construction's continued absence that it does not have a meritorious defense.  *See, e.g.*, *Acosta v. Schwab*, No. 5:18-CV-3544, 2019 WL 7046916, at *8 (E.D. Pa. Dec. 20, 2019) ("Moreover, the Court may presume that an absent defendant who has failed to answer has no meritorious defense, . . ., because '[i]t is not the court's responsibility to research the law and construct the parties' arguments for them.'" (alteration in original) (collecting cases)).

7

The remaining *Chamberlain* factor counsels in favor of granting default judgment in this case.  Plaintiffs will be *prejudiced* if default judgment is denied in this case.  As discussed, neither the Funds nor the Union have received payment from Geo Construction as required by the terms of the CBA.  Plaintiffs will be prejudiced absent an entry of default judgment because without it, Plaintiffs will otherwise be "unable to vindicate their contractual and statutory rights." *Trs. of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund, Vacation Fund, & Painters Dist. Council 711 Finishing Trades Inst. v. Leo Constructing, LLC*, 718 F. Supp. 3d 436, 444 (D.N.J. 2024) (quoting *Gowan v. Cont'l Airlines, Inc.*, No CV. 10-1858, 2012 WL 2838924, at \*2 (D.N.J. July 9, 2012)).

Further, Geo Construction's failure to make timely contributions to the Funds or remit dues to the Union impair the Funds and the Union's operations as both the Funds and the Union remain required to fulfill *their* obligations.  That is, under ERISA, a multi-employer plan is *still required* to pay benefits to participants even if employers fail to make their contributions to the plan.  *See Int'l Union of Operating Eng'rs of E. Pa. & Del. Benefit Pension Fund*, 134 F. Supp. 3d at 865 (citing 29 C.F.R. § 2530.200b–2).  Meaning that, "either non-delinquent employers must pay more[,] or all employees must accept less when one employer in a multi-employer plan fails to make its contributions." *Carpenters Health & Welfare Fund of Phila. & Vicinity v. Bold & Clauss Const., Inc.*, No. CV 05-04858, 2006 WL 782051, at \*2 (E.D. Pa. Mar. 23, 2006). Therefore, default judgment is appropriate in this case.  Accordingly, the Court will proceed to analyze the amount of damages that are owed to Plaintiffs.

**B. Damages Owed to the Funds**

While the Court is easily satisfied that an entry of default judgment is appropriate in this case, the Court must determine the appropriate damages to award Plaintiffs. As discussed, Plaintiffs ask that the Court enter default judgment in favor of the Funds for:

(1) $34,231.35 in principal delinquent contributions for the months of April 2025 through August 2025;

(2) $2,260.16 in interest on the principal delinquent contributions;

(3) such additional interest that may accrue between April 1, 2026 and the date of Judgment;

(4) $3,423.14 in liquidated damages accrued on the principal delinquent contributions; and

(5) $4,177.00 in attorney's fees and costs.

ECF. No. 13 at 3–4. Plaintiffs request that the Court enter default judgment in favor of the Union for $1,858.11 in unpaid union dues for the Months of May 2025 through August 2025. *Id.* at 4.

Under ERISA, in actions involving delinquent contributions where judgment is awarded in favor of an employee benefit fund, a court must award the fund:

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

9

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Interest on the unpaid contributions is determined using the rate provided for by the plan, or if none, in accordance with the statutory rate. *Id.* As relevant here, "[t]he Court may rely on affidavits and other documented evidence to award the appropriate default judgment amount." *Int'l Bhd. of Elec. Workers Union No. 98 v. D'Narpo Elec., LLC.*, No. CV 21-1923, 2022 WL 742735, at *5 (E.D. Pa. Mar. 10, 2022).

### 1. Unpaid Contributions

*First*, the Funds are entitled to the total principal amount of delinquent contributions Geo Construction owed between the months of April 2025 through August 2025. The express terms of the CBA provide that Geo Construction was required to make certain contributions to the Funds. ECF No. 1-3 at 31–34. These contributions were to be calculated based upon the wages paid to Geo Construction's Covered Employees. *Id.* Plaintiffs submit that Geo Construction owes the Funds a total amount of $34,231.35 in principal delinquent contributions. ECF No. 13 at 2. Plaintiffs submit that this figure was calculated by recreating the remittance reports Geo Construction failed to provide the Funds, using the Covered Employees' paystubs. ECF No. 1 ¶ 18. In support of their Motion for Default Judgment, Plaintiffs have submitted the affidavit from Plaintiffs' counsel which details the calculation of the total principal delinquency. ECF No. 13-1 at 1–4. Plaintiffs have also included the recreated remittance reports the Funds generated using Geo Construction's Covered Employees' paystubs as an exhibit to the Complaint. ECF No. 1-5 at 2–5.

Therefore, the Court is satisfied that, in accordance with the express terms of the CBA, the Funds are entitled to a judgment in the amount of $34,231.35 in principal delinquent contributions.

Accordingly, the Funds will be awarded judgment against Geo Construction for the delinquent contributions for the months of April 2025 through August 2025.

### 2. Interest On Unpaid Contributions

*Next*, the Funds are entitled to prejudgment interest.  The ERISA statute allows for prejudgment interest to be paid in addition to any unpaid contributions.  29 U.S.C. § 1132(g)(2)(B) ("[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan.").  The terms of the CBA expressly provide for interest to be accrued on any unpaid contributions at a rate of 10% per annum.  ECF No. 1-3 at 32.  Specifically, Section 7, titled "Penalty Clause – Delinquency Procedure – Liquidated Damage Policy" states that,

> [i]f a delinquent contribution is not paid by the last day of the month in which it is due, interest shall start to accrue on the delinquent amounts at the rate of ten percent (10%) per annum from the 1st day of the next month.

*Id.*

Therefore, the Funds are entitled to prejudgment interest at the rate of 10% per annum on the delinquent contributions.  Accordingly, the Funds shall be awarded judgment against Geo Construction that is inclusive of prejudgment interest for the months of April 2025 through August 2025.[5]

### 3. Liquidated Damages

The Funds are also entitled to liquidated damages.  Both the ERISA statute and the CBA provide for liquidated damages.  The ERISA statute permits the Funds to recover liquidated damages in the amount of twenty percent of the unpaid contributions if "provided for under the

---

[5] Plaintiffs have calculated the amount of prejudgment interest that has accrued as of April 1, 2026 to be $2,260.16.  Accordingly, the Funds shall be entitled to collect prejudgment interest in the amount of $2,260.16 plus the additional interest that has accrued between April 1, 2026 and the date of the Court's Order.

plan." 29 U.S.C. § 1132(g)(2)(C)(ii).  Here, the express terms of the CBA provide for liquidated damages.  ECF No. 1-3 at 33.  That is, Section 7, titled "Penalty Clause – Delinquency Procedure – Liquidated Damage Policy" states that that,

> Should a lawsuit be filed, the delinquent Employer will be liable to the Joint Funds for the principal amount due plus interest at the rate set forth in Paragraph 2 hereof, plus ten percent (10%) liquidated damages[.]

*Id.*

Therefore, the Funds are entitled to liquidated damages in the amount of 10% of the total principal delinquent contributions.  Plaintiffs have, in accordance with the terms of the CBA, calculated the amount of liquidated damages they are seeking in this case.[6]  Accordingly, judgment will be awarded to the Funds against Geo Construction that includes liquidated damages equal to 10% of the total principal delinquent contributions.

### 4.  Attorney's Fees & Costs

*Finally*, the Funds are entitled to reasonable attorney's fees and costs of litigating this case. Both the ERISA statute and the express terms of the CBA provide for reasonable attorney's fees and costs to be paid to the prevailing party.  29 U.S.C. § 1132(g)(2)(D) (providing for an award of "reasonable attorney's fees and costs of the action" to the prevailing party); ECF No. 1-3 at 33.

In support of Plaintiffs' request for attorney's fees and costs, Plaintiffs' counsel has submitted an affidavit and supporting documentation detailing hours of attorney work and the costs incurred in this case.  ECF No. 13-2.  According to the affidavit and supporting documentation,

---

[6] As discussed *supra* at Part III(B)(1), the Court is satisfied that Plaintiffs have demonstrated that the Funds are entitled to $34,231.35 from Geo Construction in delinquent contributions for the months of April 2025 through August 2025.  Plaintiffs have calculated the amount of liquidated damages that the Funds may recover under the express terms of the CBA, and as permitted by statute, as $3,423.14.  The Court is satisfied that this amount reflects 10% of the total number of delinquent contributions.

Plaintiffs' counsel is owed $3,613.50 in attorney's fees calculated at a rate of $365.00 per hour for 9.9 hours of attorney work and $563.50 in costs comprised of filing and service of process fees. *Id.* at 3–4.

The Court finds these amounts to be reasonable and fair. *See, e.g.*, *Int'l Bhd. of Elec. Workers Union No. 98*, 2022 WL 742735, at *6 (finding an attorney's hourly rate of $395 to be reasonable and consistent with the market rate in Philadelphia); *Trs. of Nat'l Elec. Benefit Fund v. Mirarchi Bros., Inc.*, No. CV 21-4399, 2022 WL 221610, at *6 (E.D. Pa. Jan. 24, 2022) (finding an hourly rate of $445 to be reasonable in ERISA recovery action). Accordingly, the Court will award judgment to the Funds that includes attorney's fees and costs in the amount of $4,177.00.

### 5. Unpaid Union Dues

Plaintiffs also ask the Court to enter a judgment in favor of the Union against Defendant Geo Construction for the amount of dues it deducted from its Covered Employees' paychecks but failed to remit to the Union for the months of May 2025 through August 2025. ECF No. 13 at 3–4.

The express terms of the CBA required Geo Construction to remit dues to the Union for its Covered Employees who have authorized a deduction of their membership dues from their paycheck. ECF No. 1-3 at 34. Article V, Section 8 of the CBA provides that,

> The Employer shall deduct from the wages of all Employees who are covered by this Agreement and who have signed and delivered to the Employer proper legal authorizations for such deductions, supplemental union membership dues in the sum of 3.9% of wages. Said sum shall be payable to the Local Union as supplemental dues on behalf of the members of Local 542 and supplemental service charges on behalf of non-members, and reported on forms provided for that purpose. Reports shall be submitted in accordance with Section 1 above. Any Employer who fails to report or make payments as provided for herein shall be subject to the same terms and conditions as provided for in this Article V, Section 7.

*Id.*

Therefore, the Union is entitled to the total amount of dues that Geo Construction deducted from its Covered Employees' paychecks but failed to remit to the Union for the months of May 2025 through August 2025.[7]  Accordingly, the Court will enter judgment in favor of the Union against Geo Construction for the total amount of unpaid union dues.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Plaintiffs' Motion for Default Judgment (ECF No. 13) in full.  The Court will enter judgment in favor of the Funds and the Union against Defendant Geo Construction.  An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**

---

[7] Plaintiffs used the paystubs of Geo Construction's Covered Employees who have authorized deduction of their dues to recreated remittance reports for the months of May 2025 through August 2025.  ECF No. 13 at 3.  Based on the recreated remittance reports for these months, Plaintiffs calculate that the Union is owed $1,858.11 that is comprised of union dues that were deducted from Covered Employees' paychecks but never remitted to the Union.  *Id.*

14